UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **VANYA D. ROYAL,** *representing estate of* **William H. Royal,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )   Cause No.  1:25-cv-00102-HAB-SLC |
| **GENERAL MOTORS,** | ) ) ) |
| **Defendant.** | ) |

### ORDER

On March 3, 2025, Defendant removed this action to federal court from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed upon removal, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendant's diversity allegations in its Notice of Removal are deficient as to Plaintiff's citizenship.

To explain, Defendant recites in the Notice: "Plaintiff Vanya Royal is a resident of the State of Indiana." (ECF 1 ¶ 7 (citation omitted)). However, "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). While an individual's residence and domicile often align, it is possible they may not. *See Schuld v. Thodos*, No. 21-cv-1807, 2022 WL 888870, at *6 (N.D. Ill. Mar. 25, 2022) ("A person has only

one domicile, and it isn't necessarily where that person might reside." (citations omitted)).

Accordingly, because Defendant bears the burden of demonstrating that complete diversity has been met, *see Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997), Defendant is AFFORDED to and including March 19, 2025, to file a supplemental jurisdiction statement that adequately alleges Plaintiff's domicile.[1]

SO ORDERED.

Entered this 12th day of March 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] In doing so, Defendant is reminded that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).