UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **VANYA D. ROYAL,** *representing estate of* **William H. Royal,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **GENERAL MOTORS,** | ) ) ) |
| **Defendant.** | ) |

Case No. 1:25-cv-00102-HAB-SLC

### NOTICE AND ORDER

*Pro se* Plaintiff Vanya Royal filed this lawsuit "on behalf of their deceased father, William Royal," seeking "damages . . . for the wrongful death of William H. Royal due to the defendant's negligence in exposing him to asbestos during his employment from 1955 to 1978." (ECF 2 at1- 2). However, there is a threshold procedural problem with this lawsuit.

"Although individuals have a right to proceed pro se, administrators do not act on behalf of themselves, but on behalf of all the beneficiaries of an estate." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (internal citations omitted). "Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Id*. (citations and footnote omitted); *see also Turner v. Jackson Park Hosp.*, 264 F. App'x 527, 530 (7th Cir. 2008) ("Even assuming [Mrs. Turner is the administrator of her husband's estate], she would be suing on behalf of her husband's estate, not herself, and therefore could not proceed *pro se* if there are other beneficiaries or creditors of the estate . . . ." (internal citations omitted)). Therefore, unless Plaintiff Vanya Royal is the sole beneficiary of the estate of William Royal, she may not pursue this suit on behalf of the deceased's estate without being represented by an

attorney.[1]

Relevant to this question is a motion to intervene filed *pro se* by Travis Royal as "an interested party and rightful heir to the estate of William Royal," seeking to intervene in this suit pursuant to Federal Rule of Civil Procedure 24(a). (ECF 4 at 1). Travis Royal alleges that he is "one of [William Royal's] children" and that he "has a direct and substantial legal interest in the outcome of this lawsuit . . . ." (*Id.*).[2]

As such, the record suggests that Plaintiff Vanya Royal is not the sole beneficiary of William Royal's estate, and thus, that she cannot intervene *pro se* in this suit. Accordingly, the Court AFFORDS **Plaintiff Vanya Royal** to and including **April 12, 2025**, to secure counsel and cause counsel to file a notice of appearance on behalf of the estate of William Royal in this action. Failure to timely do so may result in the summary dismissal of this case. *See Malone*, 474 F.3d at 937; *see also Nash v. Aurora Health Care Inc.*, No. 24-CV-348-JPS, 2024 WL 1675061, at *3 (E.D. Wis. Apr. 18, 2024).

For the same reasons that Plaintiff Vanya Royal cannot proceed *pro se* in this suit, movant Travis Royal cannot proceed *pro se* in this matter. The movant must be represented by counsel if he seeks to intervene and represent the estate of William Royal in this lawsuit. Accordingly, the Court also AFFORDS **movant Travis Royal** to and including **April 12, 2025**, to secure counsel and cause his counsel to file an amended motion to intervene on behalf of the estate of William Royal. Failure to timely do so may result in the summary denial of the motion

---

[1] For that matter, there is no indication in the complaint that Vanya Royal is the personal representative of William Royal's estate, rather than simply a beneficiary.

[2] Nor is there any indication in the motion to intervene that Travis Royal is the personal representative of William Royal's estate, rather than simply a beneficiary.

to intervene (ECF 4).

    SO ORDERED.

    Entered this 12th day of March 2025.

                                              /s/ Susan Collins  
                                              Susan Collins  
                                              United States Magistrate Judge