UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VANYA D. ROYAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:25-CV-102-HAB ) |
| GENERAL MOTORS, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff filed a $35 million wrongful death claim on behalf of her father, William Royal ("Decedent"), claiming that his death was caused by asbestos exposure while he was employed by Defendant. (ECF No. 2). Travis Royal ("Travis"), Decedent's son, has moved for the second time to intervene. (ECF No. 15). Defendant moves to dismiss on several grounds. (ECF No. 16). Despite retaining counsel (ECF No. 13), Plaintiff has not responded to the motion to dismiss. Because this case faces insurmountable procedural obstacles, the motion to dismiss will be granted.

**I.     Factual and Procedural Background**

**A.     *Well-Pleaded Facts[1]***

Decedent worked for Defendant from 1955 to 1978. During that time, asbestos was known to be present in Decedent's work environment. Decedent died in 2019 from congestive heart failure and end stage renal disease.

Decedent underwent a chest x-ray six months before his death. That chest x-ray shows bilateral interstitial opacities in the right upper, middle, and lower lung zones, with a profusion rating of 2/1. The pathology diagnosis included adenocarcinoma and bilateral asbestosis, indicative

---

[1] Defendant moves under Fed. R. Civ. P. 12(b)(6), so the Court accepts Plaintiff's well-pleaded factual allegations as true.

of asbestos-related damage. A medical expert opinion, drafted in July 2023, concluded "to a reasonable degree of medical probability" that Decedent suffered from bilateral asbestosis "based on a history of significant occupational asbestos exposures with a sufficient latency period of time." (ECF No. 2-1 at 4).

**B.**   *Decedent's Estate History*

An unsupervised estate was opened in the Allen County, Indiana, Superior Court in June 2020 under Cause Number 02D02-2006-EU-290 ("Estate").[2] April and Glennette Royal were originally appointed as the co-personal representatives. Glennette resigned, leaving April as the sole personal representative in December 2021. But April ran into problems when, in September 2023, her counsel moved to withdraw. April was ordered to secure new counsel or post a $100,000.00 surety bond. She did neither, so her authority as personal representative was suspended and Glennette was appointed as "Special Administrator for the sole purpose of filing a petition to close this estate as insolvent." The Estate was finally closed on May 2024.

Relevant here, neither Plaintiff nor Travis was ever appointed personal representatives of the Estate. Indeed, Decedent's will specifically excluded both as beneficiaries of the Estate.

**II.**   **Legal Discussion**

**A.**   *Motion to Dismiss Standard*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's

---

[2] The Chronological Case Summary for the Estate, and select filings, can be found at https://public.courts.in.gov/mycase. The Court can rely on this information in ruling on Defendant's motion. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.**     ***Neither Plaintiff nor Travis can Maintain a Wrongful Death Claim***

While Defendant raises several grounds for dismissal, the Court finds that neither Plaintiff nor Travis can maintain this action. Under Indiana law, which governs this dispute, only "the personal representative . . . may maintain an action" for wrongful death. *See* Ind. Code § 34-23-1-1. The Indiana Supreme Court has interpreted this statute "to mean that only a personal representative appointed within two years of the decedent's death may file" a wrongful death action. *Goleski v. Fritz*, 768 N.E.2d 889, 890 (Ind. 2002). The surviving next of kin are not, and have no right to become, parties, and they cannot compromise or control the action. *Est. of Thornton v. Sea Quest, Inc.*, 48 F. Supp. 2d 841, 843 (N.D. Ind. 1999).

Neither Plaintiff nor Travis allege that they were appointed personal representatives of the Estate. And the public records of the Estate show that they were not. They cannot maintain this action[3], and this case must be dismissed.

**III.     Conclusion**

For these reasons, Travis' motion to intervene (ECF No. 15) is DENIED. Defendant's motion to dismiss (ECF No. 16) is GRANTED.

---

[3] Of course, Travis' motion continues to suffer the same problem it did when Judge Collins originally denied him intervention—because a wrongful death action is filed on behalf of the Estate, and not on behalf of a representative personally, it cannot be prosecuted pro se. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). Travis never retained counsel despite being told he must. This is another reason to deny the motion to intervene.

SO ORDERED on June 12, 2025.

                                                    s/ *Holly A. Brady*
                                                    CHIEF JUDGE HOLLY A. BRADY
                                                    UNITED STATES DISTRICT COURT